UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 1:25-cv-21107-JB

JONATHAN LUDWIG,

    Plaintiff,

v.

AYR WELLNESS, INC. and
MERCER PARK, L.P.,

    Defendants.
_____/

**DEFENDANT AYR WELLNESS INC.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, AYR Wellness Inc. ("AYR" or "Defendant"), files this Answer and Affirmative Defenses to Plaintiff's Complaint. All allegations in the Complaint that are not specifically admitted herein are denied.

**ANSWER**

1. Upon information and belief, admitted.

2. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 2 of the Complaint, therefore, denied.

3. AYR admits only that this Court has jurisdiction but denies that Plaintiff is entitled to any relief whatsoever.

4. AYR admits only that this Court has jurisdiction but denies that Plaintiff is entitled to any relief whatsoever.

5. AYR admits only that this Court has jurisdiction but denies that Plaintiff is entitled to any relief whatsoever.

6. AYR admits only that venue of this case may lie within the territorial limits of this Court but denies that the alleged acts and omissions giving rise to this action took place.

7. AYR states that the quoted language speaks for itself. AYR denies that Plaintiff is entitled to any relief whatsoever.

8. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 8 of the Complaint, therefore, denied.

9. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 9 of the Complaint, therefore, denied.

10. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 10 of the Complaint, therefore, denied.

11. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 11 of the Complaint, therefore, denied.

12. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 12 of the Complaint, therefore, denied.

13. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 13 of the Complaint, therefore, denied.

14. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 14 of the Complaint, therefore, denied.

15. Admitted.

16. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 16 of the Complaint, therefore, denied.

17. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 17 of the Complaint, therefore, denied.

18. Denied.

19. Upon information and belief, denied.

20. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 20 of the Complaint, therefore, denied.

21. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 21 of the Complaint, therefore, denied.

22. Denied.

23. AYR admits only that Plaintiff was offered shares. AYR denies the remaining allegations contained in paragraph 23 of the Complaint.

24. AYR lacks knowledge or information sufficient to form a belief regarding the truthfulness of the allegations contained in paragraph 24 of the Complaint, therefore, denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. AYR admits only that Plaintiff was offered an employment agreement with Mercer Park, L.P. to serve as AYR's Senior Vice President of M&A and that a copy is attached to the Complaint as Exhibit "A." All remaining allegations are denied.

31. The allegations in this paragraph of the Complaint refer to a writing that speaks for itself: any attempt to paraphrase or mischaracterize the terms is improper and, therefore, any such allegations are expressly denied. By way of further answer, the allegations in this paragraph of the

Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

32. The allegations in this paragraph of the Complaint refer to a writing that speaks for itself: any attempt to paraphrase or mischaracterize the terms is improper and, therefore, any such allegations are expressly denied. By way of further answer, the allegations in this paragraph of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

33. Denied.

34. Denied.

35. AYR admits only that Plaintiff was given a rating to the effect of exceeds expectations. AYR denies the remaining allegations contained in paragraph 35 of the Complaint.

36. Denied.

37. Admitted.

38. Denied.

39. AYR admits only that Plaintiff raised an issue he perceived with his compensation. AYR denies the remaining allegations contained in paragraph 39 of the Complaint.

40. Denied.

41. Denied.

42. Denied.

43. AYR admits only that an individual may have made a comment along the lines that Steve Cohen would no longer be pursuing projects within the scope of Plaintiff's responsibility. AYR denies that the comment was accurate or the reason for termination, and denies the remaining allegations contained in paragraph 43 of the Complaint.

44. The allegations in this paragraph of the Complaint refer to a writing that speaks for itself: any attempt to paraphrase or mischaracterize the terms is improper and, therefore, any such allegations are expressly denied. By way of further answer, the allegations in this paragraph of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

45. The allegations in this paragraph of the Complaint refer to a writing that speaks for itself: any attempt to paraphrase or mischaracterize the terms is improper and, therefore, any such allegations are expressly denied. By way of further answer, the allegations in this paragraph of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

46. The allegations in this paragraph of the Complaint refer to a writing that speaks for itself: any attempt to paraphrase or mischaracterize the terms is improper and, therefore, any such allegations are expressly denied. By way of further answer, the allegations in this paragraph of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

47. AYR admits only that it received a letter on Ludwig's behalf about such topics on or about December 30, 2024. AYR denies the remaining allegations contained in paragraph 47 of the Complaint.

48. Admitted.

49. Denied.

50. The allegations in this paragraph of the Complaint refer to a writing that speaks for itself: any attempt to paraphrase or mischaracterize the terms is improper and, therefore, any such allegations are expressly denied. By way of further answer, the allegations in this paragraph of the

Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

51.  Denied.

## COUNT I
## BREACH OF CONTRACT

52.  AYR restates and incorporates herein by reference its responses to paragraphs 1 through 51 above.

53.  Admitted that Ludwig and Mercer Park are parties to the Agreement: in all other respects the allegations set forth in paragraph 53 of the Complaint are denied.

54.  The allegations in this paragraph of the Complaint refer to a writing that speaks for itself: any attempt to paraphrase or mischaracterize the terms is improper and, therefore, any such allegations are expressly denied. By way of further answer, the allegations in this paragraph of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

55.  Denied.

56.  The allegations in this paragraph of the Complaint refer to a writing that speaks for itself: any attempt to paraphrase or mischaracterize the terms is improper and, therefore, any such allegations are expressly denied. By way of further answer, the allegations in this paragraph of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

57.  Denied.

AYR also denies each allegation in the unnumbered "wherefore" paragraph following paragraph 57 of the Complaint and denies that Plaintiff is entitled to any of the relief requested.

## COUNT II
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

58. AYR restates and incorporates herein by reference its responses to paragraphs 1 through 51 above.

59. Admitted that Ludwig and Mercer Park are parties to the Agreement: in all other respects the allegations set forth in paragraph 59 of the Complaint are denied.

60. Denied.

61. The allegations in this paragraph of the Complaint refer to a writing that speaks for itself: any attempt to paraphrase or mischaracterize the terms is improper and, therefore, any such allegations are expressly denied. By way of further answer, the allegations in this paragraph of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

62. The allegations in this paragraph of the Complaint constitute conclusions of law to which no responsive pleading is required. To the extent that any remaining aspects of this paragraph of the Complaint are deemed factual, they are denied.

63. Denied.

64. Denied.

65. Denied.

AYR also denies each allegation in the unnumbered "wherefore" paragraph following paragraph 65 of the Complaint and denies that Plaintiff is entitled to any of the relief requested.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. AYR asserts that Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred against AYR or subject to offset to the extent that Mercer Park, L.P. is solely liable for the claims asserted by Plaintiff or did not have authority to bind AYR to the terms of the employment contract.

3. Plaintiff's claims are barred by the business judgment rule because its actions were taken in good faith and through reasonable exercise of business judgment based on legitimate business considerations.

4. Plaintiff was terminated for cause or otherwise properly terminated as an at-will employee.

5. Plaintiff's claims fail because Plaintiff engaged in conduct which constitutes a prior material breach of the employment contract or otherwise forfeits Plaintiff's rights to payment under the contract.

6. Plaintiff's claims fail because Plaintiff engaged in conduct, which AYR discovered following the end of Plaintiff's employment, which constitutes a prior material breach of the employment contract or otherwise forfeits Plaintiff's alleged rights to payment under the contract.

7. Any damages claimed by Plaintiff should be reduced to the extent that they are subject to an offset, representing amounts improperly obtained or which would constitute unjust enrichment of Plaintiff.

8. Plaintiff's claims for relief are barred in whole or in part by the doctrines of consent, waiver, ratification, estoppel, and/or unclean hands.

9. Plaintiff's claims for relief are barred because his alleged damages, if any, were not actually or proximately caused by AYR.

10. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is barred to the extent it is duplicative of Plaintiff's breach of contract claim, inconsistent with express contractual terms, or is not recognized under applicable law for employment contracts.

11. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages as a result of the purported breaches alleged in the Complaint.

12. Plaintiff's claims are barred in while or in party to the extent Plaintiff has failed to mitigate fully his alleged damages.

13. AYR reserves the right to modify and supplement its defenses and to plead additional defenses to Plaintiff's claims based upon such facts and circumstances as become known to it subsequent to the date hereof.

WHEREFORE, AYR asserts that Plaintiff should take nothing in this action, and that AYR should recover its costs and attorney's fees in this matter, together with such other and further relief as the Court deems just and proper.

Dated: April 28, 2025

Respectfully submitted,

By: */s/Megan L. Janes*
Charles S. Caulkins
Fla. Bar No. 0461946
ccaulkins@fisherphillips.com
Megan L. Janes
Fla. Bar No. 99009
mjanes@fisherphillips.com
Lindsay M. Massillon
Fla. Bar No. 92098
lmassillon@fisherphillips.com
FISHER & PHILLIPS LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, FL 33301
Telephone (954) 847-4724
*Attorneys for Defendant*
*AYR Wellness Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on **April 28, 2025**, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day to all counsel of record identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF and/or via U.S. Mail.

                                              */s/ Megan L. Janes*
                                              Megan L. Janes, Esquire