**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No.: 1:25-cv-21107-JB

JONATHAN LUDWIG,

      Plaintiff,

v.

AYR WELLNESS, INC., and MERCER
PARK, L.P.,

      Defendants.

_____/

**MOTION TO STRIKE DEFENDANT AYR WELLNESS, INC.'S**
**AMENDED AFFIRMATIVE DEFENSES**

      Plaintiff Jonathan Ludwig ("<u>Ludwig</u>"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f) moves to strike Defendant AYR Wellness, Inc.'s ("<u>AYR</u>") First, Fifth, and Sixth Affirmative Defenses in AYR's Amended Answer and Affirmative Defenses [ECF No. 23] and in support thereof state as follows:

**<u>INTRODUCTION</u>**

      Two of AYR's amended "affirmative defenses" are mere denials of Ludwig's claims, defenses which are improper as a matter of law. One of the defenses could arguably be construed as a proper defense but is insufficient as a matter of law because it is nothing more than a pure legal conclusion unsupported by allegations of any ultimate fact. For the reasons discussed below, Ludwig seeks to strike three of AYR's seven affirmative defenses.

## MEMORANDUM OF LAW

### I.      Legal Standard[1]

Under Federal Rule of Civil Procedure 12(f), a court may strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter from a pleading. "An affirmative defense admits an allegation in the complaint but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Linco Enterprises, Inc. v. Firer*, No. 1:20-CV-22234, 2021 WL 4526766, at *3 (S.D. Fla. Sept. 17, 2021) (J., Becerra), *report and recommendation adopted*, No. 20-22234-CIV, 2021 WL 4526156 (S.D. Fla. Oct. 4, 2021) (citing *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013)).

There is a split in the Eleventh Circuit as to whether "affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)" or "are subject to less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only 'provide fair notice of the nature of the defense and the grounds upon which it rests." *McLendon v. Carnival Corp.*, 20-CV-24939, 2021 WL 848945, at *2 (S.D. Fla. Mar. 5, 2021). Courts in the Southern District of Florida have applied both standards. *Compare Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, 09-21698-CIV, 2010 WL 3212066, at *1 (S.D. Fla. Aug. 12, 2010) ("Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(a) . . ."), *and*

---

[1] While federal law governs the procedural pleading requirements, Ludwig relies on New York substantive law later in this Motion, consistent with the governing law provision in the Employment Agreement. Specifically, Section 19 the Employment Agreement "the rights of the parties and all claims, actions, causes of action, suits, litigation, controversies, hearings, charges, complaints or proceedings arising in whole or in part under or in connection herewith, will be governed by and construed in accordance with the domestic substantive laws of the State of New York, without giving effect to any choice or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction." [ECF 1-2].

*Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013) ("After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative defenses should be subject to the same general pleading standards of complaints."), *with Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 692 (S.D. Fla. 2020) ("In this Court's view, affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*."), *and  Sparta Ins. Co. v. Colareta*, 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) ("In the end analysis, this Court is ultimately convinced of the correctness of the cases holding that the clearness in the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses.").

However, "a majority of courts have agreed [that *both* complaints and affirmative defenses are subject to *Twombly* and *Iqbal*]." *Gomez v. Bird Auto., LLC*, 411 F. Supp. 3d 1332, 1338 (S.D. Fla. 2019) (holding "that there is no separate standard for complaints and affirmative defenses in connection with Rule 8"). Regardless of which standard applies, courts in the Southern District of Florida strike affirmative defenses if they fail to recite more than bare-bones conclusory allegations. *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007); *see also Guss Inv. Group, LLC v. Roby*, 19-14490-CIV, 2020 WL 12182262, at *3 (S.D. Fla. May, 21 2020) ("Boiler plate pleading – i.e. merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense."). This Court has applied the same principles and has stricken legally insufficient defenses.  *Sec. & Exch. Comm'n v. Complete Bus. Sols. Group, Inc.*, No. 20-CIV-81205-RAR, 2021 WL 11726587, at *1 (S.D. Fla. Aug. 14, 2021) (striking "barebones, conclusory" affirmative defenses that did not satisfy the pleading requirements of Fed. R. Civ. P. 8); *Dierdorf v. Advanced*

*Motion Therapeutic Massage, Inc.*, No. 19-CIV-62609-RAR, 2020 WL 12814849, at *1 (S.D. Fla. Apr. 20, 2020) (granting motion to strike affirmative defense that was "conclusory in nature, lacks necessary detail, and is legally insufficient as pleaded").

Moreover, "a defense that highlights a defect in the complaint or the lack of evidence in support of the allegation is not an affirmative defense. As such, an affirmative defense that disputes the allegations stated in the complaint is more appropriately treated as a denial." *Linco Enterprises, Inc.*, 2021 WL 4526766, at *3 (internal citations omitted). For the reasons stated below, AYR's First, Fifth, and Sixth Affirmative Defenses must be stricken.

## II.     AYR's First and Sixth Affirmative Defenses must be stricken because they are mere denials of the allegations in the Complaint.

Defendants' First and Sixth Affirmative Defenses are mere denials of the allegations in the Complaint and do not raise any new matters which defeat Ludwig's claims.

AYR's First Affirmative Defense "asserts that Plaintiff was terminated pursuant to Section 5(c) of the Agreement, including but not limited to subsections (iv), (vi), and (vii) (*see* Exhibit "A" to the Complaint), or to the extent not applicable, properly terminated as an at-will employee." Amended Answer ("Am. Ans."), p. 8 ¶ 1. AYR also alleges that "Plaintiff was not entitled to the Final Compensation, Termination Compensation, prorated bonus, vested equity, or any other renumeration" and that "Plaintiff was paid according to the terms of his agreement or otherwise paid consistent with applicable law." *Id.* This is a direct denial of Ludwig's claims and allegations that he was not terminated pursuant to Section 5(c) of the Employment Agreement, that AYR and Mercer Park terminated Ludwig without cause, and that Ludwig was entitled to payment of Final Compensation, Termination Compensation, prorated bonus, vested equity, and Benefit Continuation but was not provided anything upon termination. *See* Complaint ("Compl.") [ECF No. 1], ¶¶ 48-50, 55-56.

AYR's Sixth Affirmative Defense alleges that "Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is barred to the extent it is duplicative of Plaintiff's breach of contract claim, inconsistent with express contractual terms, or is not recognized under applicable law for employment contracts." Am. Ans., p. 9 ¶ 6. The Sixth Affirmative Defense is merely an attack on Ludwig's prima facie case for its implied covenant of good faith and fair dealing claim. *See Frydman v. Endurance Am. Ins. Co*., 235 A.D.3d 848, 849, 228 N.Y.S.3d 614, 615 (2025) ("The implied covenant of good faith and fair dealing embraces a pledge that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract and is breached when a party acts in a manner that deprives the other party of the benefits of the contract . . . For a complaint to state a cause of action alleging breach of an implied covenant of good faith and fair dealing, the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff."); *see also Gomez*, 411 F. Supp. 3d at 1339 ("Indeed, it is well settled that a defense which points out a defect in the prima facie case is not an affirmative defense.") (internal quotations and modifications omitted); *Linco Enterprises, Inc.*, 2021 WL 4526766, at *4. Accordingly, AYR's First and Sixth Affirmative Defenses must be stricken.

### III.   AYR's Fifth Affirmative Defense must be stricken because it fails as a matter of law.

AYR's Fifth Affirmative Defense is legally deficient for failing to plead the elements of the respective defenses and did not assert the ultimate facts necessary to support the valid defenses.

AYR's Fifth Affirmative Defense states that "Plaintiff's claims for relief are barred in whole or in part by the doctrines of consent, waiver, ratification, estoppel, and/or unclean hands." Am. Ans., p. 9 ¶ 5. "When two separate defenses are pled under a single affirmative defense heading, the proper course of action for the court is to strike the defendant's affirmative defense

without prejudice, giving leave for the defendant to amend." *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1193 (S.D. Fla. 2019). In *Dionisio*, the court struck the defendant's seventh affirmative defense that stated the plaintiff's claim was "barred by res judicata, waiver, estoppel (collateral or otherwise), laches, satisfaction, release or agreement." *Id.* at 1194. The court explained that "discrete defenses that have been improperly combined should be pled separately" and that the defendants "should not be permitted to list numerous defenses in a single affirmative defense to preserve said defenses." *Id.* at 1195. AYR's improper combination of consent, waiver, ratification, estoppel, and unclean hands under a single affirmative defense requires it be stricken.

Moreover, AYR failed to plead the facts necessary to support the elements of each of these affirmative defenses requiring they be stricken. *See id.* at 1196; *Home Mgmt. Sols., Inc.*, 2007 WL 2412834, at *4 (striking affirmative defenses that fail to plead any supporting facts or the elements of the defenses); *Sec. & Exch. Comm'n*, 2021 WL 11726587, at *1; *Dierdorf*, 2020 WL 12814849, at *1; *Ctr. for Individual Rights v. Chevaldina*, No. 16-20905-CIV, 2017 WL 2954919, at *5 (S.D. Fla. July 11, 2017) (striking affirmative defenses "because none of them contain any supporting facts that give the Defendant fair notice of the defense being asserted or how they apply to the facts of this case."). The *Dioniso* court explained that if "repled separately as presently written, Defendants' affirmative defenses of estoppel, *res judicata*, satisfaction, release and agreement would be stricken" because they do not provide the plaintiff "with fair notice as to the basis of each defense." *See Dionisio*, 391 F. Supp. 3d at 1195.

In fact, in support of all three of these defenses, AYR asserts only two facts/sentences: "Plaintiff knowingly agreed to receive restricted stock units ("RSUs") in a lump sum consistent with the terms of the RSU agreement. His consent to, and receipt of, the front-loaded RSUs voids

his claims of breach of contract or the covenant of good faith and fair dealing for Exhibit "A" to the Complaint." Am. Ans., p. 9 ¶ 5. These two sentences are insufficient to establish the elements of any of the combined defenses. *See 113-115 N. 5th Ave. Holding Corp. v. Costa*, 58 Misc. 3d 576, 579, 65 N.Y.S.3d 676, 679 (N.Y. City Ct. 2017) ("The essence of a waiver is the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it."); *Ripple's of Clearview, Inc. v. Le Havre Associates*, 88 A.D.2d 120, 122, 452 N.Y.S.2d 447, 449 (1982) ("The elements of promissory estoppel are: a clear and unambiguous promise; a reasonable and foreseeable reliance by the party to whom the promise is made; and an injury sustained by the party asserting the estoppel by reason of his reliance."); *Black v Natl. Org. of New Apostolic Church of N. Am.*, 104 AD2d 1016 (2d Dept 1984) (holding that defense of unclean hands fails where the defendant "fail[ed] to even assert that they were injured by the alleged wrongful conduct"). Accordingly, Defendants' Fifth Affirmative Defense must be stricken.

<u>**CONCLUSION**</u>

WHEREFORE, Plaintiff Jonathan Ludwig respectfully requests that this Court enter an Order striking Defendant AYR Wellness Inc.'s, First, Fifth, and Sixth Affirmative Defenses and granting such other and further relief as this Court deems just and proper.

Dated: June 9, 2025

Respectfully submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/ Annie D. Rosenthal*
    Josh A. Migdal, Esq.
    Florida Bar No. 19136
    Annie D. Rosenthal, Esq.
    Florida Bar No. 1031335
    josh@markmigdal.com
    annie@markmigdal.com
    eservice@markmigdal.com

    *Counsel for Plaintiff*

## LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE

Undersigned counsel certifies that on June 6, 2025, undersigned counsel conferred with counsel for AYR via videoconference to resolve the issues raised in this Motion. AYR's counsel advised that AYR does not agree to the relief sought in this Motion.

*s/ Annie D. Rosenthal*
Annie D. Rosenthal, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document electronically on the Court's CM/ECF docket on June 9, 2025 which served same electronically upon all counsel of record.

By: *s/ Annie D. Rosenthal*
Annie D. Rosenthal, Esq.