**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO.: 1:25-cv-21107-JB**

JONATHAN LUDWIG,

     Plaintiff,

v.

AYR WELLNESS, INC. and
MERCER PARK, L.P.,

     Defendants.

_____/

## PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH THIS COURT'S ORDER RE: MEDIATION

Pursuant to Federal Rule of Civil Procedure 16(f), Federal Rule of Civil Procedure 37(b), and Local Rule 16.2(e), as well as this Court's Order Setting Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, and Pretrial Procedures (ECF No. 21), Plaintiff Jonathan Ludwig ("Plaintiff") respectfully moves this Court for an Order imposing sanctions against Defendant Ayr Wellness, Inc. ("Ayr" or "Defendant") for its willful noncompliance with the Court's order regarding mediation and mediation deadline. As set forth below, Defendant unilaterally cancelled the scheduled mediation without Court approval and in violation of the Scheduling Order, causing Plaintiff to incur unnecessary attorneys' fees and mediation costs.

### STATEMENT OF FACTS

1.     On May 1, 2025, the Court entered an Order Setting Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, and Pretrial Procedures (the "Order").

See ECF No. 21.  The Order required the parties to complete mediation on or before December 17, 2025.

2.      Defendant proposed to Plaintiff, and subsequently represented to the Court, that discovery should be extended so that the parties could focus their efforts on mediation within the Court-ordered deadline.

3.      In reliance on the Court's Order and Defendant's representations, the parties scheduled an in-person mediation before Retired Judge Michael Hanzman for December 12, 2025—five days before the mediation cutoff.

4.      Plaintiff fully complied with the Court's Order and prepared for the mediation, including submitting a detailed mediation brief on December 5, 2025, and paying Plaintiff's portion of the mediation fee in the amount of $12,500 in accordance with Judge Hanzman's procedures.

5.      Despite these preparations, and without seeking relief from the Court, Defendant advised on December 10, 2025, just two days before the scheduled mediation, that it intended to seek to freeze this action based on a purported Canadian stay and would not participate in mediation.[1]

6.      On December 11, 2025, Defendant's counsel unilaterally cancelled the mediation with Judge Hanzman. Only after cancelling the mediation and just one day before the scheduled mediation did Defendant file a motion with the Court seeking to continue the mediation deadline.  Defendant's belated motion was filed so close to the deadline that the mediation cutoff elapsed without any ruling by the Court.  Ayr thus

_____

[1] Defendant's Motion for Stay is unfounded and opposed by Plaintiff.  *See* Plaintiff's Opposition, ECF No. 52.

failed to comply with the Court's Order requiring the parties to complete mediation by the prescribed deadline

**STATEMENT OF LAW**

Federal Rule of Civil Procedure 16(f) authorizes the Court to "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Local Rule 16.2(e) similarly provides that "[f]ailure to comply with the [mediation] attendance or settlement authority requirements may subject a party to sanctions by the Court." S.D. Fla. L. R. 16.2(e).

The Court's Order expressly states that "[c]ompliance with all deadlines— whether set by Court order or under the Federal and Local Rules—is mandatory," and that generally motions for extensions must be filed no later than three business days before the applicable deadline.

Courts have consistently issued sanctions pursuant to Rule 16(f) for failure to attend or participate in good faith in mediation. *See Falcon Farms, Inc. v. R.D.P. Floral, Inc.*, No. 07-23077-CIV, 2008 WL 3874598 (S.D. Fla. Aug. 14, 2008) (awarding sanctions in form of mediation fees against represented party who did not appear at mediation but informed opposing party shortly beforehand that he would not be there); *Allen v. Goard*, No. 14-61147-CV, 2015 WL 11199536, *2 (S.D. Fla. Apr. 2, 2015) (recommending that plaintiff recover mediation and attorney's fees as compensation for defendant's failure to attend mediation), report and recommendation adopted, No. 14-61147-CIV, 2015 WL 11197769 (S.D. Fla. Apr. 24, 2015); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, No. 11-62594-CIV, 2012 WL 12948539, *3-4 (S.D. Fla. Oct. 30, 2012)

(requiring plaintiff to pay share of costs for not attending mediation); *Unum Life Ins. Co. of Am. v. Pawloski*, No. 8:13-CV-2290-T-35MAP, 2014 WL 12873079, at *2 (M.D. Fla. May 13, 2014), report and recommendation adopted, No. 8:13-CV-2290-T-35MAP, 2014 WL 12873080 (M.D. Fla. June 12, 2014) (awarding reasonable expenses, including attorney's fees and the cost of mediation for party's failure to appear at mediation); *King v. Eli Lily & Co.*, No. 3:05-cv-1235-J-33HTS, 2007 WL 1141512 (M.D. Fla. Apr. 16, 2007) (awarding sanctions in amount of mediation fees for plaintiff's failure to personally appear at mediation); *Scott v. K.W. Max Inv., Inc.*, No. 6:05-cv-683-Orl-18JGG, 2007 WL 80851, at * 2 (M.D. Fla. Jan. 8, 2007) (same); *Borrego v. GeoVera Specialty Ins. Co.*, No. 6:22-CV-483-CEM-LHP, 2023 WL 5016544, at *1–2 (M.D. Fla. Aug. 7, 2023) (granting defendant's request for attorney fees as a sanction for plaintiff's failure to appear at a mediation).

Here, Defendant failed to obey a scheduling order by refusing to attend the scheduled mediation and unilaterally cancelling it without Court approval. Defendant's eleventh-hour cancellation of the mediation and refusal to comply with the Court ordered deadline regarding mediation is without justification. Almost a month elapsed between Ayr's filing of the Canadian liquidation petition that it relies upon for its request of a stay of this action and its filing of the motion to continue the mediation cutoff. But instead of informing Plaintiff and the Court at the earliest possibility, it waited until the eve of mediation when Plaintiff had prepared for mediation, submitted its mediation brief and paid its mediation fees.

The sanctions available under Rule 16(f) include those authorized by Rule 37(b)(2)(B), (C), and (D), including contempt. Fed. R. Civ. P. 37(b)(2)(D). In addition,

Rule 16(f) expressly authorizes the Court to require a party to pay "the reasonable expenses which include attorney's fees incurred because of any noncompliance." Fed. R. Civ. P. 16(f).

Because Defendant failed to participate in mediation as required by the Court's Order, this Court has clear authority under Rule 16(f) to impose sanctions. Plaintiff respectfully requests an award of attorneys' fees incurred in preparation for the mediation, as well as reimbursement of the non-refundable mediation costs paid for the mediation that Defendant unilaterally cancelled in violation of the Court's Order.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion, sanction Ayr, and grant such further relief as is just and proper.

Dated: December 24, 2025

/s/ Josh A. Migdal
Josh A. Migdal, Esq.
Fla. Bar No. 19136
Lauren M. Gibbs (*pro hac vice*)
LEVIN MIGDAL & GIBBS
7301 SW 57th Ct., Suite 515
Miami, Florida 33143
Telephone: (305) 374-6617

*Counsel for Plaintiff Jonathan Ludwig*

## **LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERENCE**

Undersigned counsel certifies that Plaintiff's counsel conferred with counsel via telephone and email with AYR's counsel to resolve the issues raised in this Motion. AYR's counsel advised that AYR does not agree with the relief sought.

By: *s/ Joshua Migdal*
Joshua Migdal

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 24, 2025 the foregoing document is being electronically filed via the CM/ECF portal which will serve a copy to all counsel of record identified on the service list electronic mail.

By: *s/ Joshua Migdal*
Joshua Migdal